O’CONNELL, Justice.
Jack Mese, appellant, was the plaintiff below and Dade Tire Company, Warren Ray, Inc., and Grace H. Lance, as ad-ministratrix of the Estate of Ray O. Lance, deceased, were defendants.
Mese alleged that when the two corporations were organized ten shares of stock in each corporation were ordered to be issued to both Mese and his ex-partner, Ray Lance. A partnership check was issued in 1947 by Mese for an amount sufficient to purchase the twenty shares in Dade Tire Company. The check on its face indicated it was for the purchase of twenty shares of stock. Stock in Warren Ray, Inc. was to be earned by services to be performed by the partnership composed of Lance and Mese.
In the latter part of 1951, Mese alleges, all the stock was issued to Lance and none to Mese. Plaintiff alleges this fact was not learned by him until after Lance’s death in 1952. In 1953 Mese instituted this suit asking that the two corporations each be required to issue him ten shares of stock and pay him accrued dividends thereon, or refund him the money he paid therefor, and that the administratrix of Lance’s estate be required to surrender for cancellation any stock certificates issued to Lance for the ten shares in each company which should have been issued to plaintiff.
At the trial plaintiff produced as exhibits stock certificates to the stock in each corporation, made out to Lance; copy of the minutes of Dade Tire Company; and a photostatic copy of the $4,000 check issued by the partnership for the stock. None of these exhibits were sent to this Court with the record of appeal.
In the original complaint, but not in the amended complaint, plaintiff alleged that *588 Lance’s widow made some claim to his stock, saying that the minutes of the meeting of the Dade Tire Company of January 5, 1948 reflected that plaintiff Mese resigned from the corporation and that Lance agreed to purchase Mese’s stock. Plaintiff alleged, however,' that such was not the case and that the corporation had had but one meeting, the organizational meeting held in 1946. The record reflects that McLendon, officer of the corporation and witness at the trial, was presented with such minutes, signed by him, and questioned thereon but that counsel for plaintiff objected that those minutes had not been offered in evidence. The record is not clear thereafter whether such minutes were again referred to and were put into evidence. The exhibits are not before us.
McLendon testified that he knew or understood that plaintiff and Lance were to get an equal amount of stock but that the stock was issued to Lance only when he requested such and assured McLendon that he had already settled with plaintiff concerning his stock.
The trial judge, in his final decree, stated that the difficulty in the case was the credibility of the witnesses. He said that the lack of creditable records concerning the transactions and the long time involved made it impossible for the plaintiff to establish his claims. The court ruled that the plaintiff had failed to prove ownership of any stock in either corporation and decreed the ownership of the shares in question to be in Lance’s administratrix, dismissing plaintiff’s complaint.
We find very little in the record to assist us in reviewing this case. No exhibits were included therein for our perusal. We, of course, cannot question the trial court’s judging of the credibility of the witnesses and therefore have to rely . on documentary proof to overcome its decree. Having no" such proof before us, we are compelled to affirm the decree of the lower court.
TERRELL, C. J., THORNAL, J., and SANDLER, Associate Justice, concur.